# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JUDITH KELLEY, et al., | ) | CASE NO. 5:20-cv-0621 |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| vs. | ) | **MEMORANDUM OPINION AND ORDER** |
| WAL-MART STORES EAST, LP, | ) | |
| DEFENDANT. | ) | |

On March 24, 2020, defendant Wal-Mart Stores East, LP ("Walmart") removed the above-captioned action from the Court of Common Pleas of Summit County, Ohio allegedly on the basis of diversity of citizenship. (Doc. No. 1, Notice of Removal ["Removal"], ¶ 6.) This Court is not satisfied that diversity of citizenship has been established.

"[F]ederal courts are courts of limited jurisdiction and have an independent duty to determine whether they have jurisdiction in cases before them and to 'police the boundaries of their own jurisdiction.'" *Davis v. Sessions*, No. 1:17CV1354, 2017 WL 4810620, at *2 (N.D. Ohio Oct. 25, 2017) (quoting *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 549 (6th Cir. 2006)).

Walmart alleges that it is "a limited liability company organized, registered and existing under the laws of the State of Delaware [with] its principal place of business in Arkansas." (Removal ¶ 5.) But, for purposes of diversity, "a limited liability company has the citizenship of each of its members." *Delay v. Rosenthal Collins Grp.*, LLC, 585 F.3d 1003, 1005 (6th Cir. 2009). Therefore, where, as here, "'diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And

because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each "sub-member" as well.'" *Novia Commc'ns, LLC v. Weatherby*, No. 19-3421, 2020 WL 289199, at *3 (6th Cir. Jan. 21, 2020) (quoting *Delay*, 585 F.3d at 1005); *see also Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004) (a limited liability company "is an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members.").

The Court also notes the "LP" designation in Walmart's name in the case caption. As with a limited liability company, "[f]or purposes of determining diversity jurisdiction, a limited partnership is deemed to be a citizen of every state where its general *and* limited partners reside." *Hooper v. Wolfe,* 396 F.3d 744, 748 (6th Cir. 2005) (emphasis in original); *see also V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010) ("A limited partnership is a citizen of each state in which its general and limited partners, including general and limited partners who are partners of other partners in [a] multi-tiered structure, hold citizenship.") (citation omitted).

Diversity jurisdiction exists only when "no plaintiff and no defendant are citizens of the same state." *Curry v. United States Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006). "If even one member or sub-member of an LLC [or an LP] is non-diverse, 'then complete diversity, and with it federal jurisdiction, would be destroyed.'" *Aquasea Grp., LLC v. Singletary*, No. 4:13-CV-2286, 2013 WL 5781192, at *1 (N.D. Ohio Oct. 25, 2013 (quoting *Delay*, 585 F.3d at 1005)).

Accordingly, on or before April 15, 2020, Walmart will be required to submit an affidavit declaring its corporate structure, as well as the identity and domicile of its members and sub-members (if any) and/or its general and limited partners, at the time this suit was filed. *See Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir. 1968) ("'Citizenship' for purposes of the diversity statute

2

is determined as of the date of commencement of the action.") (citing *Smith v. Sperling*, 354 U.S. 91, 93 n.1, 77 S. Ct. 1112, 1 L. Ed. 2d 1205 (1957)).

**IT IS SO ORDERED**.

Dated: March 31, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**